UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No.  1:23-MJ-00841-DH |
| § | |
| (1) PATRICK ROSTRO, § | |
| *Defendant* § | |

ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, Defendant's participation in a conspiracy to distribute large amounts of cocaine;

- the weight of the evidence against the person, including visual and wiretap surveillance directly connecting Defendant to numerous bulk cocaine transactions adding up to multiple kilograms, along with evidence seized from his residence, his vehicle, and his mother's residence tying him to the alleged cocaine-distribution conspiracy;

- the history and characteristics of the person, including Defendant's history of drug abuse (including a positive test for marijuana and cocaine shortly after his arrest); his criminal history, including multiple charges and convictions for drug possession and distribution, unlawful possession of a firearm by a felon, and multiple assaults;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly the scope of the cocaine-distribution conspiracy, with the attendant danger of violence accompanying such transactions; conducting numerous cocaine sales out of his own house and his family members' houses, endangering not only the occupants of these households, but individuals who may have been nearby during the transactions; his decision to continue to operate this conspiracy in spite of knowledge that an individual affiliated with his operation had been arrested; his history of repeatedly unlawfully possessing firearms (including the presence of a firearm in his house at the time of his arrest); and his lengthy history of assaultive conduct; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED December 28, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE